JUSTICE WEBER
dissents as follows:
The opinion concludes that, in applying the four Westland factors to this case, the District Court abused its discretion in granting Triangle’s Rule 41(b) motion to dismiss. I disagree with that conclusion and, therefore, dissent from the opinion.
It is significant to note that District Judge Moran assumed jurisdiction on November 15, 1991, and Hobble-Diamond had essentially done nothing during the next three years except for the appointment of new counsel.
In the District Court’s Memorandum and Judgment of Dismissal dated September 20,1994, the District Court points out that the case was filed in 1986, more than eight years ago, and arose from defendant Triangle selling plaintiff Hobble-Diamond an irrigation system in 1983. The court points out that shortly before trial, Hobble-Diamond attempted to add another claim based upon alleged problems with pivot number five. The Supreme Court reversed the District Court’s 1991 decision because of the failure to permit that amendment. The District Court then stated:
It is now 1994, and Hobble-Diamond still has not filed any pleading to state a claim based upon pivot no. 5. No discovery has been conducted, and there has been no activity by Plaintiff in this case since 1991, other than its change of attorneys two years ago.
This case is more than 8 years old; the subject matter is approximately 11 years old. At oral argument it was acknowledged that plaintiff [Hobble-Diamond] has sold the irrigation system and the ranch on which it was located, several years ago. (Emphasis added.)
*44 The court then discussed the rules to be applied and specifically-analyzed the case based upon the Westland four factors. The District Court stated in regard to those factors:
Applying the factors set forth in Westland, the Court determines that this action should be dismissed:
1. Plaintiff has not diligently prosecuted its alleged claim. Nearly 11 years have passed since the irrigation system was installed, and more than eight years have passed since this action was commenced. Although the Supreme Court ordered in 1991 that Plaintiff could amend its Complaint to assert a claim based upon pivot no. 5, nearly three more years have now passed with no activity at all. Plaintiff has not been reasonable or diligent in prosecuting its alleged claim. See Westland, ... 856 P.2d at 1377.
2. Plaintiff’s delay in prosecution has prejudiced the Defendant. Hobble-Diamond’s unreasonable delay, noted in paragraph 1, “raises a presumption of prejudice to the Defendant and shifts the burden to the Plaintiff to show good cause or a reasonable excuse for inaction.” ... [Westland, 856 P.2d at 1377.] Plaintiff’s memorandum does not dispute either the presumption or its application here. Plaintiff submitted no affidavit or any discovery or evidentiary material to dispute the presumption that Defendant has been prejudiced. Further, it is readily apparent that Defendant has, in fact, been prejudiced, not only by the long period of time since the irrigation system was sold and installed, but also by Plaintiff’s sale of the system several years ago. Such circumstances make it virtually impossible for Defendant to test and inspect the system so as to separate alleged defects from 11 years of use and normal wear and tear.
3. Here, the dismissal sanction should be applied as it was in Westland. There, five years had elapsed between the filing of plaintiff’s Complaint and defendant’s Motion to Dismiss, and there had been no activity in the case for more than a year. ... Based on those facts, the court had “ ‘no other choice’ than to dismiss and enter final judgment against Westland.” ... Here, the facts are even more compelling: Hobble-Diamond filed the action eight years ago and has taken no actin for nearly three years. [Citations omitted.]
*45 4. The factor of a warning to Plaintiff that dismissal could occur is also controlled by Westland. Here, this Court set a telephone status conference last year, at which it ordered that the parties confer with the Court regarding case status, and the issuance of a scheduling order. Although ordered to do so, Plaintiff never initiated the conference call. Plaintiff made no effort thereafter to reset the aborted status conference, and made no efforts whatsoever in this case, until Defendant filed its Motion to Dismiss. ... (Emphasis added.)
Finally, the Court reminds the Plaintiff that it, not the Court, has the ultimate responsibility to prosecute its claims, conduct discovery, and prepare its case for trial. ...
I conclude that the District Court’s analysis of the Westland factors does not demonstrate an abuse of discretion.
Our test is limited to a finding of an abuse of discretion. When I consider all of the facts as set forth in the District Court’s memorandum and judgment and the facts emphasized in the opinion, I conclude there is no basis upon which to hold there has been an abuse of discretion.
I dissent.